IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Steven M. LUCARELI, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant-Appellant-Cross-Respondent,

v.

Steven M. LUCARELI, Respondent-Respondent-Cross-Appellant.

Supreme Court

*No. 97–2389–D. Oral argument April 18, 2000.—Decided June 20, 2000.*

2000 WI 55

(Also reported in 611 N.W.2d 754.)

For the complainant-appellant-cross respondent there were briefs by *Thomas J. Basting, Sr.* and *Brennan, Steil, Basting & MacDougall*, Janesville, with oral argument by *Thomas J. Basting, Sr.*

For the respondent-respondent-cross appellant there was a brief by *Thomas J. Kelly, Steven M. Lucareli* and *Lucareli Law Office*, Eagle River, and oral argument by *Steven M. Lucareli.*

An amicus curiae brief was filed by *Paul Bucher* on behalf of the Wisconsin District Attorney's Association.

¶ 1. PER CURIAM. The Board of Attorneys Professional Responsibility (Board) appealed from the report of the referee concluding that the respondent, Attorney Steven Lucareli, had not engaged in professional misconduct while prosecuting a criminal case as the Board had alleged and recommending that the complaint in this disciplinary proceeding be dismissed. The Board argued that the referee improperly declined to apply the doctrine of issue preclusion in respect to Attorney Lucareli's having filed immediately prior to the commencement of a jury trial in a sexual assault case a criminal charge against the defendant's attorney that in fact was not supported by probable cause and that the evidence does not support the referee's finding that when he filed the charge, Attorney Lucareli had forgotten a ruling of the circuit court on the non-confidentiality of certain documents that rendered the criminal charge baseless. Attorney Lucareli cross-

558

appealed from the referee's failure to recommend that he recover statutory costs in the proceeding.

¶ 2. We determine that the referee did not err in declining to apply the issue preclusion doctrine to establish that Attorney Lucareli knew the criminal charge he filed against the defense attorney was not supported by probable cause and that the referee's finding that Attorney Lucareli had forgotten a recent court ruling that made it clear the charge was without probable cause has not been shown to be clearly erroneous. Because of its posture on appeal, we dismiss this proceeding solely on the allegation that Attorney Lucareli violated SCR 20:3.8(a)[1] by filing a criminal charge knowing that it was not supported by probable cause. Although the Board had asserted in its complaint and the referee addressed in his report the allegations that Attorney Lucareli's conduct also constituted filing a suit or delaying a trial when he knew or it was obvious that such an action would serve merely to harass or maliciously injure another person, in violation of SCR 20:3.1(a)(3),[2] and maintaining a suit that appeared to him to be unjust, in violation of the Attorney's Oath, SCR 40.15,[3] in this appeal the Board briefed and argued only the alleged violation of SCR

---

[1] SCR 20:3.8(a) provides:

The prosecutor in a criminal case shall:
(a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause[.]

[2] SCR 20:3.1(a)(3) provides:

(a) In representing a client, a lawyer shall not:
(3) file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another.

[3] The Attorney's Oath provides, in pertinent part:

20:3.8(a), and we reach neither of the other alleged violations.

¶ 3. The Board sought issue preclusion based on the circuit court's finding, affirmed by court of appeals,[4] that Attorney Lucareli had filed the criminal charge either to disqualify defense counsel or to delay the jury trial scheduled to begin the following business day and by doing so had engaged in "intentional misconduct". Each of those courts held that Attorney Lucareli's prosecutorial misconduct had deprived the defendant in the sexual assault case of a fair trial and had prejudiced his defense so as to warrant a new trial.

¶ 4. While the referee properly declined the Board's request to preclude litigation in this disciplinary proceeding of the issue of Attorney Lucareli's knowledge of the lack of probable cause for the criminal charge he filed against defense counsel by reason of the circuit and appellate court decisions, the referee could have considered those decisions as evidence on the issue of credibility to the extent Attorney Lucareli might have testified in the circuit court concerning his knowledge at the time he filed the criminal charge. However, the referee did not give those decisions any consideration, except as the likely reason for the Board's having brought the instant proceeding.

¶ 5. Indeed, the referee granted Attorney Lucareli's motion to strike the three paragraphs of the Board's complaint setting forth those decisions "for the reason. . .that [they] all occurred after the fact, i.e.,

I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, or any defense, except such as I believe to be honestly debatable under the law of the land[.]

SCR 20:8.4 defines professional misconduct to include a lawyer's violation of the Attorney's Oath.

[4] *State v. Lettice*, 205 Wis. 2d 347, 556 N.W.2d 376 (1996).

after the actions by Mr. Lucareli which are alleged to have been violations of the Rules Of Professional Conduct for Attorneys" and were "irrelevant as evidentiary matters. . .as far as any proof of the facts underlying the [Board's] complaint." As a consequence, the Board was precluded from offering "documentary evidence at the time of the [new trial motion] hearing" that the Board believed would verify Attorney Lucareli's misconduct — evidence it asserted the referee could consider, even if issue preclusion were held inapplicable.

¶ 6. Because the referee's decision on issue preclusion meant, in the referee's words, "[that] there will be no investigation of the process which led to the grant of a new trial. . .," the record of the hearing on the new trial motion is not before us, but the court's decision suggests that it was substantially different from the record made in this disciplinary proceeding. The determinative issues in the circuit court were Attorney Lucareli's motivation in filing the criminal charge against defense counsel immediately prior to the commencement of his client's criminal trial and the prejudicial effect the filing of that charge had on the client's right to counsel and to a fair trial. Here, the issue to be decided for purposes of SCR 20:3.8(a) is whether, when he filed the criminal charge against defense counsel, Attorney Lucareli knew it was not supported by probable cause.

¶ 7. The circuit court held that Attorney Lucareli's motivation in bringing the charge was either to disqualify defense counsel from continuing to represent the defendant or to delay the trial and that the client was sufficiently prejudiced so as to be entitled to a new trial. To the issue of Attorney Lucareli's knowledge, however, the trial court gave only passing

561

mention in its decision: "[A]ssuming the District Attorney had forgotten about the court's ruling [on the non-confidentiality of a psychologist's notes], there still was no probable cause for the charge." On review, the court of appeals explicitly rejected such a proffered defense: "The suggestion in the state's brief that Lucareli 'may have forgotten' about the court's ruling is an unacceptable excuse for his behavior." *State v. Lettice*, 205 Wis. 2d 347, 353–54, 556 N.W.2d 376 (1996).

¶ 8. The issues of motivation and prejudice arose again when the State attempted to retry the defendant after a new trial was granted. Although not considered by the referee, we take judicial notice of the published court of appeals opinion affirming the decision of the circuit court, with a judge other than the one who granted the new trial presiding, that double jeopardy barred retrial. *State v. Lettice*, 221 Wis. 2d 69, 585 N.W.2d 171 (1998). The court of appeals referred to the trial court's findings that the timing and focus of Attorney Lucareli's "truly evil scheme" in filing the criminal charge against defense counsel and then seeking his removal from the sexual assault case deprived the defendant of the effective assistance of counsel, that the criminal charge against defense counsel constituted a "specious lawsuit" having the purpose of interfering with the defendant's right to counsel, that Attorney Lucareli "achieved his purpose to either get an adjournment or to put a cloud over the defense in the form of impairing defense counsel and that the defense was in fact impaired as a result." *Id.* at 76.

¶ 9. The appellate court held that double jeopardy was applicable in light of Attorney Lucareli's conduct "undertaken out of fear that the defendant would be acquitted in the first scheduled trial if he did not either obtain a continuance or upset defense coun-

sel to the extent that his effectiveness would certainly be thwarted, and where the defendant was unaware until after conviction of the perverse effect Lucareli's actions had on his defense." *Id.* at 89. The court of appeals based its holding on a record showing

> that Lucareli believed he needed an adjournment of the scheduled trial; he attempted to postpone the proceedings by motion which was denied; he then searched his file for another mode by which to avoid going to trial. He brought specious charges against the defense attorney and attempted to have him disqualified, which, if successful would have achieved his purpose.

*Id.*

¶ 10. Notwithstanding our concerns with the twice litigated and twice reviewed prosecutorial conduct of Attorney Lucareli that is before us, our determination that the referee properly concluded that the Board had failed to show by clear and satisfactory evidence that Attorney Lucareli knew when he filed the criminal charge against the defense attorney that it was not in fact supported by probable cause compels the dismissal of this proceeding. As the Board did not argue in this appeal the other professional conduct rule violations it had alleged in its complaint, we do not address them. In respect to the cross-appeal, we determine that the referee's recommendation that each party bear its own costs incurred in this proceeding is appropriate. There is no merit to Attorney Lucareli's contention that he is entitled to have costs assessed against the Board.

¶ 11. Attorney Lucareli was licensed to practice law in Wisconsin in 1984 and has not been disciplined previously for professional misconduct. He currently

practices in Eagle River, but at the time relevant to this proceeding, he was serving first as special prosecutor to fill the vacancy left by the district attorney for Vilas county, to which office Attorney Lucareli was elected in November 1992, and subsequently as district attorney, commencing the following January. He was defeated when he sought a second term in 1994. The referee in this disciplinary proceeding, Attorney John Schweitzer, made the following findings of fact.

¶ 12. In late 1992, during the investigation of sexual assault allegations, the alleged victim identified two different persons, one of them her father, as the alleged perpetrator. Attorney Lucareli retained a psychologist to interview the alleged victim but did not ask for a written report of that interview, with the result that no documents regarding the interview were provided to counsel for the father, against whom Attorney Lucareli filed a criminal complaint in mid-March 1993.

¶ 13. Counsel for that defendant, Attorney Dennis Burgy, filed a motion seeking access to the psychologist's notes of the interview, arguing that they were confidential patient health care records to which the father of the minor child was entitled by statute. At the hearing on that motion, Attorney Lucareli told the court that the child had not seen the psychologist for purposes of treatment, rehabilitation or therapy but that he had asked the psychologist to conduct an evaluation to determine whether the child was truthful about what had happened to her, whether she was a victim of sexual assault, and whether her behavior was consistent with that of other sexual assault victims. Following an *in camera* inspection of the psychologist's notes, the court released a complete set of the notes to Attorney Lucareli and to Attorney Burgy on September 24, 1993.

¶ 14. In mid-February 1994 Attorney Burgy filed with the court an offer of proof and a memorandum in support of a motion for the admission of evidence, to which he attached, among other exhibits, the page of the psychologist's interview notes that recorded the victim's mention of a person other than her father as a possible perpetrator of the assault. Among the other attachments were numerous documents not protected by privilege or rule of confidentiality, some of which contained information from which the victim's identity could be surmised. At the end of the hearing on Attorney Burgy's motion, Attorney Lucareli requested and received time to address the issue in writing, and he filed a brief on February 25, 1994.

¶ 15. The trial of the sexual assault case was scheduled to begin Monday, March 7, 1994, and a final hearing on pretrial motions was set for late afternoon the preceding Friday. Attorney Strong, assistant district attorney for Vilas county, overheard Attorney Lucareli make statements twice on Monday, February 28, 1994, and once on Tuesday, March 1, 1994, to the effect that he wished he had an adjournment of the trial.

¶ 16. While preparing the case during the week preceding the trial, Attorney Lucareli discovered that the copy of the psychologist's notes the court had released was not in his file. When he went to the court file to get a copy and found that the notes were in a sealed envelope, he obtained a copy by applying to the judge on March 3, 1994. That afternoon, Assistant District Attorney Strong observed Attorney Lucareli pull out the page of the psychologist's notes that had been attached to Attorney Burgy's motion and state, "This is it." Attorney Lucareli then discussed with Attorney Strong whether the psychologist's notes constituted

confidential patient health care records and whether the trial might be adjourned owing to Attorney Burgy's potential conflict of interest by having released them in violation of the law.

¶ 17. Later that day, Attorney Lucareli asked a sheriff's detective to verify facts essential to a criminal charge, namely, that a copy of a licensed psychologist's notes was attached to Attorney Burgy's motion that was contained in a court file accessible to the public. Attorney Lucareli then prepared a criminal complaint alleging that by attaching the psychologist's notes to his February 17, 1994, motion for admission of evidence, Attorney Burgy had "unlawfully, knowingly and willfully" violated the statute prohibiting disclosure of confidential patient health care records. The criminal complaint referred specifically to the psychologist's "care and treatment of [the child]."

¶ 18. At the final hearing on pretrial motions held the following day, March 4, 1994, Attorney Burgy's motion for admission of the psychologist's notes remained pending. At the outset of that hearing, Attorney Lucareli served the criminal complaint on Attorney Burgy and filed a motion that he be removed from further representation of the defendant. That motion was based in part on the allegation that Attorney Burgy's defense of the criminal charge filed against him would conflict with the defense of his client. Attorney Lucareli then told the court that he would not object to an adjournment of the sexual assault trial. The court denied Attorney Lucareli's motion to remove Attorney Burgy as the defendant's counsel, and over the ensuing weekend, Attorney Lucareli unsuccessfully sought a stay of the trial from the court of appeals so he could file an interlocutory appeal of the court's decision.

¶ 19. At the start of the trial on March 7, 1994, the court again denied Attorney Lucareli's motion to remove Attorney Burgy, after questioning the client at length and receiving what it considered a knowing waiver of any conflict. Attorney Lucareli then asked the court to seal Attorney Burgy's February 17, 1994, motion with its attachments, including the psychologist's notes, and the court granted the motion. However, all of the psychologist's notes were admitted into evidence during the first two days of trial.

¶ 20. While the trial was in progress, Attorney Lucareli learned in a conversation with Attorney Burgy that Attorney Burgy's son was hospitalized in the same facility where Attorney Lucareli's son previously had been hospitalized following premature birth. While awaiting the jury's verdict, Attorney Lucareli told Attorney Burgy that he had decided to dismiss the criminal charge he had filed against him.

¶ 21. After the jury convicted the defendant, Attorney Lucareli filed a motion to dismiss the criminal charge against Attorney Burgy and subsequently asked the clerk of courts to withhold action on the motion while he attempted to have the criminal complaint withdrawn. When that attempt failed, Attorney Lucareli's motion to dismiss was granted.

¶ 22. On the basis of those facts, the referee concluded that the criminal charge Attorney Lucareli issued against Attorney Burgy stated probable cause as written but that it was based on two incorrect premises: that the minor victim was a patient of the psychologist and that the page of notes Attorney Burgy had appended to his motion was a confidential patient health care record. While he found that those were facts Attorney Lucareli should have known and that they resulted in the criminal charge having been

wrongly issued, the referee found that Attorney Lucareli was not actually aware of the incorrect premises of the charge he filed, for he had forgotten the argument he had made at the hearing on the psychologist's notes six months earlier and the court's ruling. Consequently, the referee concluded that Attorney Lucareli did not issue a criminal charge he knew was not supported by probable cause and thus did not violate SCR 20:3.8(a).

¶ 23. The referee concluded further that Attorney Lucareli's filing of an unfounded criminal charge against defense counsel on the eve of trial and concurrent filing of a motion for that counsel's disqualification based on a conflict allegedly created by the criminal charge were not actions taken merely to harass or maliciously injure Attorney Burgy and therefore did not violate SCR 20:3.1(a)(3). The referee noted Attorney Lucareli's testimony that his motivation for issuing the criminal charge against Attorney Burgy was to protect the child victim from further disclosure of her identity by Attorney Burgy's use of the psychologist's notes. At the same time, the referee pointed out that the victim's identity already had been evident from other unprotected documents that were attached to Attorney Burgy's motion and that the criminal charge was counter-productive to accomplishing its professed purpose. Indeed, the referee termed the decision to charge Attorney Burgy "especially unwise" because the page of the psychologist's notes that was in the court's file had not been discovered by anyone likely to publish it, and a criminal charge against a local attorney making specific reference to the allegedly confidential document and its location would do just the opposite of keeping the document from discovery and disclosure.

¶ 24. The referee considered that the only explanation for Attorney Lucareli's precipitous filing and then dismissing the criminal charge against Attorney Burgy, other than the one that led the circuit court, the court of appeals and others to conclude that he had done so maliciously, was that his judgment "was clouded by emotion." The referee referred to Attorney Lucareli's testimony that he decided to file the charge in large part because he was "incensed" by the thought of how the child victim and her mother would feel if intimate details of the alleged sexual assault were made public by the media as a result of Attorney Burgy's having filed the psychologist's notes, as well as by how he would feel if that had happened to his own child. In regard to his decision at the end of the trial to dismiss the criminal charge, he testified that he had developed a sympathy for Attorney Burgy as a father struggling with his child's hospitalization where Attorney Lucareli's son had been hospitalized earlier.

¶ 25. While acknowledging "nagging uncertainty over the true nature of [Attorney Lucareli's] motivation" in filing the criminal charge, the referee concluded that the evidence was not clear and satisfactory that Attorney Lucareli's motivation was improper. The referee found the lack of clear and satisfactory evidence on that issue equally applicable to the allegations that Attorney Lucareli had filed the charge merely to harass or maliciously injure a person and that he maintained a proceeding that appeared to him to be unjust. Accordingly, the referee recommended that the allegations that Attorney Lucareli violated SCR 20:3.1(a)(3) and SCR 40.15 be dismissed.

¶ 26. The referee declined Attorney Lucareli's request to recommend assessment of costs he incurred in the disciplinary proceeding against the Board, hav-

ing considered the disciplinary proceeding a justifiable response to the decisions of the trial court and the court of appeals holding that Attorney Lucareli had engaged in prosecutorial misconduct that warranted setting aside a sexual assault of a child conviction and granting a new trial. The referee also considered that Attorney Lucareli's legal error in filing the criminal charge against defense counsel justifiably resulted in the Board's filing the complaint in this proceeding, as well as the necessity of a full evidentiary hearing for both parties to examine and present evidence regarding Attorney Lucareli's motivation.

¶ 27. In this appeal, the Board first argued that the referee erred in refusing to apply the doctrine of issue preclusion to establish Attorney Lucareli's motivation in filing the criminal charge against defense counsel and moving to disqualify him. The Board asserted that the circuit and appellate court decisions on the motion for new trial should have been given conclusive effect to establish that Attorney Lucareli did not have probable cause to file a criminal charge against Attorney Burgy, that he issued that charge knowing it was not supported by probable cause, and that his doing so violated the Rules of Professional Conduct for Attorneys. It was the Board's position that the "identical issues" had been litigated in the circuit court and in the court of appeals, not only by the named party to those proceedings — the State — but also by Attorney Lucareli, who testified in the trial court that he had filed the charge in order to protect the sexual assault victim and to ensure that defense counsel filed no additional medical reports identifying her.

¶ 28. The Board's argument fails. As the referee concluded, Attorney Lucareli did not have a full and exhaustive opportunity to litigate those issues in the

trial court proceeding on the new trial motion or on review in the court of appeals. He was not personally a party to either of those proceedings and, as a result, did not have an adequate opportunity to present evidence on his own behalf or to litigate the issue of the motivation for his conduct. Moreover, because he was not himself a party, he had no right to seek review of the decision of the court of appeals. Under the two-step analysis discussed in *Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 224, 594 N.W.2d 370 (1999), Attorney Lucareli was not in privity or did not have sufficient identity of interest with the State in the proceedings on the new trial motion, with the result that applying issue preclusion to him on the basis of those proceedings would violate his due process rights.

¶ 29. The Board's second argument is that the referee applied an erroneous standard in concluding that Attorney Lucareli did not "know" that the criminal charge he filed against Attorney Burgy was not in fact supported by probable cause. The Board argued that the appropriate standard to determine whether Attorney Lucareli had the knowledge required for a violation of SCR 20:3.8(a) is a negligence-type standard — what he "should have known" or "should have been expected to know." In that respect, the Board pointed to the referee's finding that when he filed the criminal charge, Attorney Lucareli "should have known" that the circuit court had determined that the psychologist's notes were not confidential patient health care records statutorily entitled to confidentiality.

¶ 30. That argument ignores or, at least, urges a departure from the explicit provision of the Terminology section of the Rules of Professional Conduct for Attorneys, SCR chapter 20: " 'Knowingly,' 'Known,' or 'Knows' denotes actual knowledge of the fact in ques-

tion. A person's knowledge may be inferred from circumstances." Notwithstanding the referee's findings that the issuance of the criminal charge against Attorney Burgy was wrong because Attorney Lucareli should have known that one of the elements of the crime charged was not present and that therefore the complaint was not supported by probable cause, the referee concluded that Attorney Lucareli did not "know," that is, did not have actual knowledge, at the time he filed the criminal charge that it was defective.

¶ 31. The Board in effect has asked the court to replace "knows" with "reasonably should know" for purposes of SCR 20:3.8(a). Yet, the Terminology section of SCR chapter 20 separately addresses the term "reasonably should know": " 'Reasonably should know'. . .denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question." In light of the trial court's holding that the psychologist's notes were not confidential patient health care records — a decision reached less than six months prior to the filing of the criminal charge and only after Attorney Lucareli presented argument on the issue — the referee found that Attorney Lucareli should have known that the criminal charge was improper, but he applied the correct standard when he concluded that for purposes of SCR 20:3.8(a), he did not have "actual knowledge" of that fact, nor was such knowledge to be inferred from the surrounding circumstances.

¶ 32. The Board has not shown the referee's findings in respect to Attorney Lucareli's knowledge of the non-confidential nature of the psychologist's notes to be clearly erroneous. They were based on his assessment of the credibility of Attorney Lucareli's testimony and on the testimony of several character witnesses. A

reviewing court defers to the finder of fact on matters decided on the basis of witness credibility, absent an erroneous exercise of discretion or an error of law.

¶ 33. In its final argument, the Board contended that the evidence in the record does not support the referee's finding that when filing the criminal charge against defense counsel, Attorney Lucareli had forgotten the trial court's ruling that the psychologist's notes were not confidential. We find no merit to the Board's contention that because Attorney Lucareli never used the word "forgot" in any of its forms while testifying, his testimony was "evasive and incomplete." The referee explicitly found persuasive Attorney Lucareli's testimony that he "did not remember" the trial court ruling on the nature of the psychologist's notes when he prepared and filed the criminal complaint against defense counsel, that he was "not conscious of the ruling," that he "did not know — he had forgotten — that the [confidential patient health care record statute] did not apply," and that he "did not 'know' at the time that the criminal complaint was defective." The referee also considered Attorney Lucareli's testimony that when he went to the clerk of court's office to review the psychologist's notes, he found them sealed, as if they were confidential records. Here, too, the referee's finding was based on his assessment of the credibility of Attorney Lucareli's testimony.

¶ 34. Having determined, then, that the referee did not err in refusing to apply the doctrine of issue preclusion in respect to Attorney Lucareli's conduct in filing the criminal charge, that the referee applied the correct standard — actual knowledge — to the "knowledge" element of SCR 20:3.8(a), and that the referee's finding that Attorney Lucareli did not know at the time he filed the criminal charge that it was not supported

by probable cause has not been shown to be clearly erroneous, we turn to the remaining issue raised in the cross-appeal: whether Attorney Lucareli is entitled to statutory costs. Attorney Lucareli argued that the rules of civil procedure, specifically, Wis. Stat. § 814.03,[5] provide that if a plaintiff in a proceeding is not entitled to costs, costs shall be allowed to the defendant. He noted that, pursuant to SCR 22.23(2),[6] the rules of civil procedure apply in attorney disciplinary proceedings "except as otherwise provided in the rules [governing disciplinary proceedings]."

¶ 35. There is no merit to Attorney Lucareli's argument, as one of the rules of procedure governing attorney disciplinary proceedings, SCR 22.20,[7] makes specific provision for the assessment of costs. It makes

---

[5] Wisconsin Stat. § 814.03 provides, in pertinent part:

Costs to defendant. (1) If the plaintiff is not entitled to costs under s. 814.01 (1) or (3), the defendant shall be allowed costs to be computed on the basis of the demands of the complaint.

[6] SCR 22.23(2) provides:

(2) The rules of civil procedure apply in disciplinary proceedings except as otherwise provided in the rules.

[7] SCR 22.20 provides: Assessment of costs.

(1) The supreme court may assess all or part of the costs of the proceeding against the respondent and enter a judgment for costs. The board may assess all or part of the costs of a proceeding in which the board imposes discipline pursuant to SCR 21.09(2). Costs are payable to the board.

(2) In seeking the assessment of costs by the supreme court, the board shall file a statement of costs within 20 days of the filing of the referee's report with the court, provided that, in the event an appeal of the referee's report is filed or the supreme court orders briefs to be filed in response to the referee's report, the statement of costs shall be filed within 14 days of the date on which the appeal is assigned for submission to the court or the briefs ordered by the court are filed. Objection to the statement of costs shall be filed by motion within 10 days of service of the statement of costs.

no provision, however, for an award of costs to the respondent attorney when the disciplinary proceeding is dismissed. Moreover, Attorney Lucareli presented no persuasive argument that he is entitled to statutory costs merely because the dismissal of this proceeding renders assessment of costs against him in favor of the Board unwarranted. The referee made specific findings that court decisions holding that Attorney Lucareli engaged in prosecutorial misconduct justified the Board's commencing this proceeding and that it was Attorney Lucareli's legal error in filing the criminal charge against defense counsel that necessitated full litigation of the issues.

¶ 36. We adopt the referee's findings of fact and conclusions of law that the Board failed to establish by clear and satisfactory evidence that Attorney Lucareli filed a criminal charge knowing it was not supported by probable cause. We also accept the referee's recommendation that this proceeding be dismissed without costs to either party.

¶ 37. IT IS ORDERED that the disciplinary proceeding is dismissed.

¶ 38. ANN WALSH BRADLEY, J., did not participate.

(3) Upon the assessment of costs by the supreme court, the clerk shall issue a judgment for costs and furnish a transcript of the judgment to the board. The transcript may be filed and docketed in the office of the clerk of court in any county and shall have the same force and effect as judgments docketed pursuant to ss. 809.25 and 806.16 of the statutes.